**RECORD NO. 09-4925**

# In The
# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## DAVID L. HOWARD,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

_____

### REPLY BRIEF OF APPELLANT
_____

**Claire J. Rauscher**
**Executive Director**
**FEDERAL DEFENDERS OF**
 **WESTERN NORTH CAROLINA, INC.**

**\*Ann L. Hester**
**Peter S. Adolf**
**Assistant Federal Defenders**
**129 West Trade Street**
**Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

*Counsel for Appellant*
*\*Counsel of Record*

# **TABLE OF CONTENTS**

Page:

TABLE OF AUTHORITIES

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    The District Court's Sentence Was Substantively Unreasonable . . . 1

        A.    The Issue Howard Raises in this Appeal Was Not Rejected By the Court in His Previous Appeal . . . . . . . . . . . . 1

        B.    The District Court's Sentence Is Substantively Unreasonable, Because the Court Refused to Apply a Reduced Crack Ratio in This Case Even Though It Had Established a General Policy Disagreeing with the Guidelines' Crack-to-Powder Ratio . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# **TABLE OF AUTHORITIES**

**Page(s):**

**Cases:**

*Kimbrough v. United States*,
    552 U.S. 85 (2007) .................................... 1

*United States v. Eura*,
    440 F.3d 625 (4th Cir. 2006) ............................ 1

*United States v. Golden*,
    679 F. Supp. 980 (N.D. Iowa 2010) ....................... 5

*United States v. Howard,*
    309 F. App'x 760 (4th Cir. 2009) ........................ 1

*United States v. Scott*,
    555 F. 3d 605 (7th Cir. 2009) ......................... 3-4

*United States v. Spears*,
    129 S. Ct. 840 (2009) ............................. 1, 2, 4

*United States v. Woods*,
    ___ F. 3d ___, 2010 WL 1838387 (8th Cir. 2010) .......... 3

**Statutes:**

18 U.S.C. § 3553(a) ........................................... 5

18 U.S.C. § 3553(a)(6) ........................................ 4

**Constitutional Provisions:**

US CONST. AMEND V ............................................. 1

US CONST. AMEND VI ............................................ 1

# **ARGUMENT**

I. **The District Court's Sentence Was Substantively Unreasonable.**

    A. **The Issue Howard Raises in this Appeal Was Not Rejected By the Court in His Previous Appeal.**

In response to Howard's argument that his sentence is substantively unreasonable, the government suggests that this Court's decision in Howard's previous appeal addressed this issue. G. Br. at 21. That is incorrect.

In his previous appeal, Howard contended that his sentence was imposed under a mandatory crack guideline that violated his Fifth and Sixth Amendment rights, because he was sentenced at a time when this Court's precedent prohibited the district court from disagreeing with the crack-to-powder ratio established by the Sentencing Guidelines. 309 F. App'x 760, 770 (4th Cir. 2009) (citing *United States v. Eura*, 440 F.3d 625 (4th Cir. 2006)). After Howard's first sentencing hearing, the Supreme Court decided *Kimbrough v. United States*, 552 U.S. 85 (2007), which allowed the district court to disagree with the crack-to-powder ratio in the Guidelines. *Id.*

While this Court rejected this argument in Howard's first appeal, the issue he raises here is different. After Howard's first appeal, and before his resentencing, the district court issued a directive based on the Supreme Court's decision in *United States v. Spears*, 129 S. Ct. 840 (2009), notifying all parties in

1

crack cocaine cases that it would consider arguments to vary from the Guidelines' crack ratio. Order, Miscellaneous No. 3:09mc116 (W.D.N.C. July 6, 2009) (accessed on May 27, 2010 at http://www.ncwd.uscourts.gov/Documents/Forms/ConradOrder.pdf). In *Spears*, the Court explained that a district court may vary from the Guidelines' crack-to-powder ratio "based on *policy* disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." 129 S. Ct. at 843-44.

    The district court in Howard's case had issued a general order expressing its disagreement with the Guidelines' crack-to-powder disparity under *Spears*, although it did not select a particular ratio it would use in place of the Guidelines' ratio. In this appeal, Howard argues that the court's decision to disregard its general order in his case, based on circumstances unrelated to the crack cocaine offense, render the district court's sentence substantively unreasonable. This argument is distinct from the argument he made in his first appeal. This Court's decision in Howard's first appeal does not preclude the argument that he makes here.

2

> **B.    The District Court's Sentence Is Substantively Unreasonable, Because the Court Refused to Apply a Reduced Crack Ratio in This Case Even Though It Had Established a General Policy Disagreeing with the Guidelines' Crack-to-Powder Ratio.**

The government argues that Howard's sentence was not substantively unreasonable, because while courts are free to disagree with the Sentencing Commission's policy, they also retain the authority to adhere to the crack cocaine guidelines. G. Br. at 22. Howard does not dispute that district courts have authority to adhere to the Guidelines. But when the district court has issued a general order expressing a policy disagreement with the Guidelines' crack-to-powder ratio, refusing to adhere to that policy in a case based on circumstances unrelated to the crack cocaine offenses renders the sentence substantively unreasonable.

Neither of the cases cited by the government involves a situation where the district court has expressed disagreement with the crack guidelines in general but nevertheless applies them in certain cases based on other circumstances. In *United States v. Woods*, the defendant did not request a variance below the revised Guideline range applicable to his crack cocaine offense; he objected that the district court gave him the same sentence under the revised range that it had given him under the original crack Guideline. ___ F. 3d ___, 2010 WL 1838387 at *2 (8th Cir. May 10, 2010). In *United States v. Scott*, the district court varied

3

downward, but not to the extent requested by the defendant. 555 F. 3d 605, 610 (7th Cir. 2009). In neither case had the district court issued a standing order that it would consider downward variances from the crack cocaine guideline range based on a policy disagreement under *Spears*.

Here, while the court had issued such an order, it acknowledged that it was refusing to apply that order in Howard's case "to accomplish not necessarily the goals of the [crack-to-powder] ratio." JA 2640. Instead, the court refused to vary from the crack-to-powder ratio based on Howard's conduct in prostituting women, referring to that conduct as "heinous and violent and degrading" and as "degrading, cruel, inhumane." JA 2641. The court's decision to apply the crack guideline in Howard's case, even though it declines to apply the crack guideline in other cases based on a policy disagreement, created an unwarranted sentencing disparity. That is inconsistent with the directive of 18 U.S.C. § 3553(a)(6), which requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

To maintain consistency among defendants, "the appropriate course" is to use the same crack-to-powder ratio for all defendants, and "then make appropriate adjustments to a defendant's sentence in light of case-specific factors pursuant to

4

§ 3553(a)." *United States v. Golden*, 679 F. Supp. 980, 987 (N.D. Iowa 2010). The court's failure to maintain consistency in this case renders Howard's sentence substantively unreasonable.

## CONCLUSION

For the reasons stated in Howard's Opening Brief and in this Brief, this Court should vacate Howard's sentence and remand for re-sentencing.

This, the 1st day of June, 2010.

                              Claire J. Rauscher, Director
                              Federal Defenders of
                              Western North Carolina, Inc.

                              /s Ann L. Hester
                              *Ann L. Hester
                              Peter S. Adolf
                              Assistant Federal Defenders
                              129 W. Trade Street, Suite 300
                              Charlotte, NC 28202
                              (704) 374-0720
                              Counsel for Appellant David Howard
                              *Counsel of Record

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>900</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>14 Point Times New Roman</u> in <u>WordPerfect 12</u>.

/s/ Ann L. Hester
Counsel for Appellant
Dated: June 1, 2010

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 1, 2010, I electronically filed the foregoing brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

>Amy E. Ray
>OFFICE OF THE U.S. ATTORNEY
>United States Courthouse
>100 Otis Street, Room 233
>Asheville, NC  28801
>
>*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

>/s/ Tracy Moore Stuckey
>Tracy Moore Stuckey
>Gibson Moore Appellate Services, LLC
>421 East Franklin Street, Suite 230
>Richmond, VA  23219